## Davis v. Commonwealth.

May 20, 1949.

J. William Jordan and J. B. Campbell for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Andrew Davis killed his son-in-law, Delmar Stacey, on December 28, 1947. Davis appeals from his conviction of murder with a penalty of life imprisonment. Three points are urged for a reversal of the judgment. We may dispose of two of them summarily.

The vigorous argument that the court should have given the defendant's attorneys more than thirty minutes to argue the case cannot be considered since the point was not raised in the motion for a new trial, nor any reference whatever made in the bill of exceptions to the argument. There was no place for an instruction on defense of home. The shooting took place in the house where both men lived, and all the evidence shows that it was a personal fight between two men almost, if not altogether, drunk.

It appears that an indictment was returned on February 4, 1948, against Davis and his wife and that in

default of executing a heavy bond they were put in jail. Being unable to employ counsel, on February 10 the court appointed two lawyers to defend them and set the case for trial on the 18th. The record does not refer to the disposition of the indictment returned February 4 but shows that the defendant, Davis, was placed on trial on an indictment returned on the 16th, two days before the trial. In support of a motion to continue the case the defendant's attorneys filed their affidavit to the effect that they had not been able to prepare the case for trial. They stated in substance that the homicide occurred fourteen miles from Barbourville; that there was considerable hostility against the accused in that community; that they had been busy in court tending to their own cases during the week and the duty had been placed upon them of defending a hard case without compensation; that they had had no time or opportunity to familiarize themselves with the facts by going to the community or interviewing prospective witnesses; that the defendants were poor and confined in jail and had been unable to assist their lawyers or to arrange for the transportation of witnesses and had no close relatives who could do so for them. The county attorney's counter-affidavit was to the effect that the defendant, Davis, had been at liberty on bond between his examining trial on January 3 until February 4 and that his brother was a deputy sheriff and widely acquainted with the people of the community where the homicide occurred and that there was no hostility to him.

It is appreciated that delay in the trial of a person accused of crime sometimes results in the miscarriage of justice. On the other hand, experience has taught that too speedy a trial sometimes has the same result from the defendant's standpoint. It is recognized that the right of an accused person to compulsory processes for obtaining witnesses necessarily embraces a reasonable opportunity to prepare for trial. Mitchell v. Commonwealth, 225 Ky. 83, 7 S. W. 2d 823. Likewise, that the constitutional right to be represented by counsel embraces the right of such counsel to have a reasonable time and opportunity for preparation. Johnston v. Commonwealth, 276 Ky. 615, 124 S. W. 2d 1035; Shelton v. Commonwealth, 280 Ky. 733, 134 S. W. 2d 653; Nelson **v. Commonwealth**, 295 Ky. 641, 175 S. W. 2d 132. Of

course, the trial judge has great discretion in the matter of granting a continuance, and a judgment of conviction will not be reversed for a refusal to do so unless it appears that the discretion was abused from a judicial standpoint or that the subsequent course of the trial and the result show that a fair trial was not had because of it. Johnston v. Commonwealth, supra. The point has been considered and decided in many cases. While each must stand upon its own facts, there runs throughout the line of decisions an appreciation of the fact that lawyers appointed to defend accused persons are often entitled to greater consideration with respect to time and opportunity for preparation for trial than otherwise. They ought not, in addition to assuming the grave responsibility without compensation, be compelled to sacrifice the interests of other clients in order to get ready in an unreasonable time to defend the accused. Samuels v. Commonwealth, 154 Ky. 758, 159 S. W. 575; Fuson v. Commonwealth, 199 Ky. 804, 251 S. W. 995. In the present case these lawyers were in the midst of a term of court and yet were required to get ready within a week to try a murder case which seemed then and later developed to be an extended and difficult one. We are impressed with the idea that the verdict of murder instead of voluntary manslaughter is a severe one. Doubtless, the defendant if given more time for preparation may have been able to buttress his substantial claim of self-defense or at least to persuade the jury that he was guilty only of the lesser degree of crime. We conclude therefore that the judgment must be reversed on this ground.

Judgment reversed.