Oby Mendel COLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 17, 1966.

Rehearing Denied Sept. 23, 1966.

Leland Logan, Bowling Green, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of storehouse breaking as denounced by KRS 433.190.

Since it was shown and the jury found that he had been previously convicted of committing two felonies his punishment was fixed at life imprisonment under the habitual criminal statute, KRS 431.190. On this appeal·he urges that the indictment was defective, the instructions were erroneous and that certain evidence the jury was permitted to consider deprived him of a fair trial.

The evidence reveals that, during the night of October 22, 1964, while patrolling the business district of Russellville, certain police officers observed that a forcible entry had been made into the Russellville Wholesale Company building. Upon a search by the officers the appellant and a person later identified as George Shoemake were found in the building. They were thereupon placed under arrest and searched. Appellant had two cartons of cigarettes in his possession and Shoemake had several cartons of cigarettes and a sack filled with money in his possession, all of which was later identified as belonging to the Russellville Wholesale Company. Appellant did not testify nor did he produce any witnesses in his behalf.

██ Appellant contends that the indictment is fatally defective because it does not contain the dates on which he committed the former offenses nor the dates of his former convictions.[1] The record discloses that no objection was raised to the indictment. In these circumstances the question concerning the legal sufficiency of the indictment has not been preserved for appellate review. Cf. Stewart v. Commonwealth, Ky., 389 S.W.2d 910; Piper v. Commonwealth, Ky., 387 S.W.2d 13. Moreover, appellant waived his opportunity to have the indictment made more definite and specific by failing to file a motion challenging the sufficiency of the indictment, RCr 8.18, and by failing to seek a bill of particulars, RCr 6.22. We observe, however, that the trial court had jurisdiction of the person and subject matter of this prosecution and that the indictment adequately stated that appellant had committed the offense of storehouse breaking. Hence, the indictment was not subject to a motion to dismiss even if such a motion had been timely filed. Ross v. Commonwealth, Ky., 384 S.W.2d 324.

██ Appellant next contends that the court erred in failing to instruct the jury on the whole law of the case in that the instructions given did not include a reasonable doubt instruction covering the entire case.

The instructions given to the jury were as follows:

, "INSTRUCTION NO. 1

"If the jury believe from the evidence beyond a reasonable doubt that the defendant, Oby Mendell Cole, on or about October 22, 1964, in this county and before the finding of this indictment herein either alone or in company with George Shoemake, willfully and feloniously broke and entered into the storehouse of the Russellville Wholesale Company with the felonious intention of stealing therefrom or did feloniously take, steal, and carry away from said storehouse and from the possession of said Russellville Wholesale Company some cigarettes or any merchandise, the personal property of said Russellville Wholesale Company of any value with the felonious intention of willfully depriving the owner thereof and converting the same to his own use and benefit, then the jury shall find the defendant, Oby Mendel Cole, guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than one year nor more than 5 years in your discretion.

---

1. Upon trial the evidence established the dates of the commission of the former offenses as well as the dates of the former convictions.

"INSTRUCTION NO. 2

"The word felonious or feloniously means proceeding with an evil heart or purpose.

"INSTRUCTION NO. 3

"If you find the defendant guilty of storehouse breaking under Instruction No. 1 and (a) if you shall further believe from the evidence beyond a reasonable doubt that in May, 1953, the defendant was convicted in the Logan Circuit Court of Dwelling House Breaking, a felony, and (b) if you should further believe from the evidence beyond a reasonable doubt that in March, 1962, the defendant was convicted in the Muhlenberg Circuit Court of Burglary, a felony, and that said offense was committed after defendant's conviction in May, 1953, then you shall find the defendant guilty as charged in the indictment and fix his punishment in the penitentiary for life.

"INSTRUCTION NO. 4

"If you find the defendant guilty of storehouse breaking under Instruction No. 1 but have a reasonable doubt that it has been proved that he was convicted of the felonies as set out in Instruction No. 3, you should merely fix his punishment as provided in Instruction No. 1.

"INSTRUCTION NO. 5

"If the jury have a reasonable doubt of the defendant having been proved guilty under Instruction No. 1, you shall find him not guilty.

"INSTRUCTION NO. 6

"All 12 members of the jury must agree to find a verdict."

It is obvious to us that Instruction #5 is a reasonable doubt instruction on the whole case because it, in effect, told the jury that appellant was entitled to an acquittal upon the charges contained in the indictment unless it believed beyond a reasonable doubt that he had been proven guilty of storehouse breaking. See Stanley's Instructions to Juries, Volume 3, Sections 950, 951, 956, 957; RCr 9.56.

 Appellant further urges that we abandon our policy of permitting the jury to hear evidence concerning appellant's former convictions and to adopt the procedure indicated in Harrison v. State of Tennessee, Tenn., 394 S.W.2d 713 (1966), whereby a jury must first determine the guilt of the accused on the most recent felony charge before any of his earlier convictions may be shown. We have heretofore rejected the suggested procedural change, Wilson v. Commonwealth, Ky., 403 S.W.2d 705, (decided May 6, 1966), and upon the reconsideration of it we have decided to adhere to the established policy of permitting the jury to consider prior convictions along with the current felony charge.

We find no reason to reverse this conviction.

The judgment is affirmed.