William Edward STUMPH, Sr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 23, 1966.

Theodore H. Lavit, Charles Mattingly, Lebanon, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an appeal from a verdict and judgment convicting appellant of the crime of voluntary manslaughter and fixing his punishment at twenty-one years in prison.

Two reasons are advanced for reversing the judgment, (1) the trial court erred in overruling appellant's motion for a continuance, and (2) failure of the trial court to admonish the jury pertaining to an outburst by a spectator at the trial.

We are of the opinion that the first error assigned demands a reversal of the judgment. It is unlikely that another "outburst" will occur on another trial, but, if it does, we think it the duty of the court to maintain order in the courtroom. Upon the occurrence of a spectator crying out a denial to a statement being made by a witness on the stand, the trial court should take appropriate action against such offender and admonish the jury not to consider such conduct even without an objection or motion for admonition by the party who considers himself aggrieved thereby. Nevertheless, preliminary to the right of appellate review, a party feeling aggrieved by an occurrence in court must give the trial court the first opportunity to alleviate his grievance by the appropriate objection or motion

Appellant was indicted September 27, 1965, for the killing of Joe Blandford. Before his examining trial in September, W. Earl Dean, Sr., was retained by appellant or some of his relatives. On January 18, 1966, Mr. Dean was discharged via the appellant's brother. At 3:00 p. m. on January 26, 1966, Theodore H. Lavit and Charles Mattingly were appointed by the court to defend appellant, whose trial was set for January 28, 1966.

Appellant moved the court for a continuance for one week and filed the affidavits of his attorneys in support thereof, in which it was stated:

"That the affiants each have practiced law in the Commonwealth of Kentucky for approximately fifteen months and that with their meager experience combined with the fact that they had but a day and a half to prepare for a capital punishment trial, cannot adequately render effective counsel to defendant herein without impairing his constitutional right to effective representation; that affiants could render legal counsel to the defendant if the court granted a continuance of this cause for a period of no less than one week."

It is stated in appellant's brief that the two young attorneys appointed to represent him had never tried a case before a jury.

The right to be represented by counsel in a felony case contemplates that the attorney must have a reasonable time in which to become familiar with and prepare the case. Davis v. Commonwealth, 310 Ky. 360, 220 S.W.2d 844.

Generally, the question of whether one charged with crime has a right to continuance is left to the sound discretion of the trial judge. But this discretion may be abused.

In the present case, the two young, inexperienced attorneys were appointed to represent appellant without hope of compensation or reward. In Davis v. Commonwealth, supra, it is written:

"While each must stand upon its own facts, there runs throughout the line of decisions an appreciation of the fact that lawyers appointed to defend accused persons are often entitled to greater consideration with respect to time and opportunity for preparation for trial than otherwise. They ought not, in addition to assuming the grave responsibility without compensation, be compelled to sacrifice the interests of other clients in order to get ready in an unreasonable time to defend the accused."

The inexperience of the two attorneys appointed should weigh heavily in favor of continuance. It is a great event in the life of a young attorney when he contemplates his very first jury trial. One he will not likely forget. The many unfamiliar procedural questions that he must encounter demand time, research, and imagination. Really, he needs to think and ponder over that first jury trial.

Counsel for appellant didn't ask for a great delay—only for one week, and it is argued in brief and unanswered that there was no congestion in the criminal docket of Marion County at the time.

Counsel for appellee argues that appellant did not exercise diligence in paying the fee of Mr. Dean; that he was derelict in conferring with Mr. Dean. Ordinarily, it is inappropriate for this court to inquire into those questions in the absence of evidence of intention to use such circumstances as a subterfuge for a continuance. We must consider appellant's rights from the date of the selection of his court-appointed counsel.

We conclude appellant was entitled to a reasonable continuance and that the trial court abused its discretion in overruling appellant's motion for continuation.

The judgment is reversed with direction to grant a new trial.