**Melville Harold RIEBESEHL alias George Roberts, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1968.

Shelley T. Riherd, Larry D. Garmon, Robert M. Alexander, Glasgow, for appellant.

John Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Melville Harold Riebesehl, alias George Roberts, was indicted and tried for murder, was convicted of voluntary manslaughter and sentenced to

twenty years in the penitentiary. His three court-appointed counsel had eight days to prepare for his trial, worked diligently and almost totally at preparation of his case and, we think, saved the appellant from execution or life imprisonment, for there were two eye-witnesses to the slaying which was clearly premeditated.

Stated succinctly, the appellant had been living for several years with a married woman whose husband had left her a number of years before and the appellant apparently had steadily contributed to the support of the home. They fell out, he left for several weeks, and then returned to find that another man had taken up where he had left off, which was a circumstance he could not accept. As a result of his perturbation, he went to the home of a man of his acquaintance, forcibly obtained the man's shot-gun, loaded it and practically compelled him to drive him to the woman's home where he had seen his competitor. The owner of the shot-gun tried to dissuade the appellant from his declared intention to kill his rival unless he left the home and, after their arrival there, tried to gain time for the intended victim to escape, but was unsuccessful. There apparently had been ill feeling between the victim and the appellant before this night. The victim had a bad reputation for violence, particularly when he had been drinking. The appellant fired three shots, the first one hitting the floor, and the next two killing the victim. Both the woman and owner of the shot-gun saw the killing and testified accordingly.

■ One of the grounds urged for reversal is the short time afforded counsel to prepare the defense and the court's refusal to grant a continuance. We do not find Davis v. Commonwealth, 310 Ky. 360, 220 S.W.2d 844 (1949) pertinent, for in the case at bar we have quite a different situation. The trial court could not grant the four-day continuance requested because of the beginning of a term of court within that time in another county in the circuit, but offered to set the trial two months later at the next term of court in Glasgow, but the appellant, against the advice of his counsel, preferred to have his trial on the date set rather than spend more time in his apparently cramped quarters in the Glasgow jail. In these circumstances, we find no error in the trial court's decision on this ground, for the appellant waived any claim he had for a continuance by not accepting the only one the trial court was in a position to offer him.

■ The police officer, for whom appellant signed a written statement at the police court the day after his arrest and which statement did not relate to the homicide and was not introduced in evidence, was not called as a witness for the Commonwealth but was called as a witness for the appellant. He was asked on cross-examination by counsel for the Commonwealth what statements the appellant had made. When the officer began to recount the statement appellant had made about his alias and previous record defense counsel interrupted, and the trial court made this immediate admonition and ruling:

"BY THE COURT: Now ladies and gentlemen of the jury, just don't consider the answer that this witness had made here to that last question. Give it no consideration whatever. Objection sustained."

It is true that the Commonwealth did not before trial produce the signed statement given to the officer. However, the production rule, RCr 7.24, provides in subsection (9):

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Rule or an order issued pursuant thereto, the court may direct such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it

may enter such other order as may be just under the circumstances."

Appellant moved for a mistrial because the signed statement was not produced prior to the trial. However, the trial court did promptly direct the disclosure and inspection of materials not previously disclosed and immediately admonished the jury to disregard reference to the officer's statements, and prohibited the introduction in evidence of the signed statement not disclosed. The trial court thus applied the rule saying:

"* * * the Court had no idea there was any statement involved, and the question was asked and the witness, Dunbar, before he could be stopped, made certain statements, and the record will show that they were, and the Court immediately sustained objection to his testimony and admonished the jury not to consider it. This statement that is produced here at this moment is the first time the Court has seen it or had any knowledge of its existence, and it was not used in evidence, and the Court knows of no right of the defendant that the statement being brought out in chambers this morning has prejudiced, and for these reasons, motion is overruled."

We conclude that the trial court properly exercised its discretion under RCr 7.24, and since the statement was not used at trial, its non-production is not reversible error. In any event, the information in the signed statement was elicited without objection by the Commonwealth at the trial when it cross-examined the appellant after he had testified in his own behalf.

 Because of the nature of the relationship which had existed for a number of years between the woman involved in this case and the appellant, the Commonwealth had a subpoena issued for her to give pre-trial testimony under oath which was not used at the trial. It was not obtained by court order and really amounted to nothing more than an interview with the witness before trial. This statement was made available to the defense by the court and, we repeat, it was not used at the trial. The testimony she gave at the trial was substantially the same as that given the Commonwealth before trial, and no objection was made to her testimony by the appellant at the trial. We conclude that the course of conduct pursued here was an irregularity which did not affect the substantial right of the appellant, and should be disregarded. RCr 9.24.

 The referral by the Commonwealth to the appellant by his alias was not objectionable, for the appellant testified on his cross-examination that the name he had been using in Glasgow was an alias and that he used it because he was wanted for parole violation in Ohio where he had been convicted of burglary a number of years before.

We conclude that the appellant had a fair trial and commend his court-appointed counsel for their zealous efforts in his behalf.

The judgment is affirmed.

All concur.