Mendel COLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 9, 1969.

Mendel Cole, pro se.

John B. Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

In November 1964 Mendel Cole was convicted of storehouse breaking (KRS 433.-190) and of being an habitual criminal (KRS 431.190) and sentenced to life imprisonment. On appeal the judgment was affirmed. Cole v. Com., Ky., 405 S.W.2d 753 (1966). On June 28, 1968, he petitioned for post-conviction relief (RCr 11.42) which was refused. He has appealed. We affirm.

Appellant charges that rights guaranteed to him by the Fourteenth Amendment to the Constitution of the United States and Section Eleven of the Kentucky Constitution were denied him in that William G. Fuqua, one of the two lawyers appointed to represent him on his trial, was hostile. This resulted, he says, in depriving him of the assistance of counsel to which he was entitled. He cites Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398 (1945), and other cases.

Cole and one Shumake were arrested in Russellville, a city of the fourth class. KRS 81.010. Cole testified that he "went to city court on the case and was held over to the Grand Jury on it by Mr. Fuqua * * *". Fuqua was the city attorney of Russellville pursuant to appointment. KRS 69.560. That statute provided that the city attorney " * * * shall prosecute all pleas of the Commonwealth and all warrants and proceedings instituted for violation of the ordinances or municipal regulations of the city in the police court * * *." RCr 1.06 says " 'Attorney for the Commonwealth' includes * * * a city attorney or city prosecuting attorney, exercising functions assigned to them by law * * *". As noted above the duty to prosecute was imposed on Fuqua by KRS 69.560.

Cole, being an indigent, required defense counsel, therefore, on November 16, 1964, the trial judge appointed the same "William G. Fuqua and Jesse L. Riley, Jr., regular practicing attorneys * * * to assist the defendant in his defense." Cole made no objection to this appointment and these lawyers presented the defense. Fuqua cross-examined four of the six Commonwealth's witnesses and made the closing argument. No witness was introduced by the defense. Cole makes no claim that there was any conflict of interest on the part of Riley and his proof reveals no hostile act by either lawyer. He argues, however, that the record shows a lack of interest in the case; that inadequate preparation was made, and that " * * * counsel did nothing but go through the formalities."

The next claim of error is that the legal aid he received on his trial was ineffectual; that these attorneys refused to consult with Cole prior to the trial or to adequately prepare defense. He relies upon Davis v. Com., 310 Ky. 360, 220 S.W.2d 844 (1949); Nelson v. Com., 295 Ky. 641, 175 S.W.2d 132 (1943); Parsley v. Com., Ky., 272 S.W.2d 326 (1954) and Johnston v. Com., 276 Ky. 615, 124 S.W.2d 1035 (1939). Here there was sufficient substantive evidence to support the findings of the trial court that this charge was unfounded. Under those circumstances we will not disturb those findings.

Indicted at the same time for the same offense as Cole was George Shumake whose trial occurred before Cole was tried. Cole claims that he was assured by the trial judge that he would be tried separately and by a different panel of jurors so that he

would not be prejudiced by reason of testifying in the Shumake trial. Cole says that several of the jurors on his jury panel were present in the court room and heard him testify in the Shumake trial, therefore, he demanded a continuance and for a new jury panel but his requests were denied. He charges that some of these jurors tried him and that this prevented him from having a fair and impartial trial. He relies on Tompsett v. Ohio, 146 F.2d 95 (CCA 6th) 1944 and Sayre v. Com., 194 Ky. 338, 238 S.W. 737, 24 A.L.R. 1017 (1922).

The Commonwealth responds that "the record reflected the jury for the appellant did not contain any member of the jury which served at the trial of appellant's co-defendant." We have examined the record and find that this response is correct, but we also find evidence that one member of the jury that tried Cole was present in the court room and heard him testify. Cole also contends that he should have been granted a continuance to enable him to secure a witness and that he was denied the compulsory process for obtaining a witness.

After trial another lawyer, Leland H. Logan, appeared for Cole, moved for a new trial and after it was denied prosecuted the appeal. (405 S.W.2d 753).

We distinguish the present case from Berry v. Gray, 155 F.Supp. 494, D.C.Ky. (1957), on which Cole relies for Berry alleged " * * * that no appeal was prosecuted from the judgment of conviction because he did not discover the irregularities in the proceedings against him until the statutory time for appeal had expired * * * ". Cole knew at the time Fuqua was appointed and at the time Cole originally appealed to this court that he was a prosecutor. The charges he now makes are on grounds just as apparent then as now. He makes no claim that his appellate counsel, Leland H. Logan, did not effectively represent him in the appellate proceedings. The issues Cole now raises could have been raised on that appeal. They

were not of such character as to render the judgments utterly void and thus subject to collateral attack without reference to the appeal. It is now too late. Green v. Com., Ky., 309 S.W.2d 178 (1958); Jackson v. Com., Ky., 344 S.W.2d 381 (1961). Also see Hoskins v. Com., Ky., 420 S.W.2d 560 (1967); Gray v. Wingo, Ky., 423 S.W. 2d 517 (1968) and Trodglen v. Com., Ky., 427 S.W.2d 577 (1968).

The judgment is affirmed.

All concur.