**Billy B. COX, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 26, 1971.

Raymond Lape, Newport, Kevin Quill, Covington, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from an order of the Campbell Circuit Court overruling appellant's motion to vacate a judgment of conviction pursuant to RCr 11.42. Appellant complains that his appointed counsel had insufficient time to prepare a proper defense and that he was denied the right to be present at an evidentiary hearing.

At a preliminary hearing before the court appellant pleaded not guilty to the charge of murdering Clarence Myers. At his arraignment on January 15, 1968, he changed his plea to guilty but the trial judge would not accept this plea upon discovering that he was not represented by counsel. An attorney who had been present at the entire arraignment proceedings was then appointed to represent him and after conferences of short duration held between the appointed counsel and appellant, appellant entered a plea of guilty to the lesser charge of voluntary manslaughter. After questioning appellant to determine if he understood the import of his actions and receiving an affirmative answer, the trial judge accepted the plea of guilty and sentenced him to twenty-one years' confinement. The first question presented upon this appeal is:

1. Should the conviction be vacated on the grounds that appellant was denied effective representation of counsel?

Appellant contends that four days was insufficient time for interviews, investigation and legal work. In support of this contention he cites Davis v. Commonwealth, 310 Ky. 360, 220 S.W.2d 844 (1949), in which a conviction on a charge of murder to which the defendant pleaded not guilty was reversed because the trial court had erred in denying a continuance where the two attorneys appointed to defend the accused were given a week in which to prepare but were involved in other court cases during that week. He also cites Nelson v. Commonwealth, 295 Ky. 641, 175 S.W.2d 132 (1940), in which an accused who was charged with murder had originally entered a plea of not guilty but had withdrawn it and entered a plea of guilty after his motion for a continuance was overruled. In this case, the court stated: "[Appellant's] attorney was confronted suddenly with the necessity of making a decision. Had he been given more time to prepare his client's defense and study the case, his decision might have been different." Since appellant's counsel was denied a continuance beyond the two-day period which he had been given to prepare for trial, the conviction was reversed.

■ The case at bar may be distinguished from the Davis case on the grounds that whereas Davis pleaded innocent, appellant pleaded guilty and, there-

fore, did not require time in which to develop his defense. See Burton v. Commonwealth, Ky., 394 S.W.2d 933 (1965), in which an appellant who had pleaded guilty alleged he was only given thirty seconds to confer with appointed counsel. This court considered his allegations insufficient to entitle him to a hearing under RCr 11.42.

Appellant pleaded guilty. It has been held that the effect of a plea of guilty is to waive all defenses other than that the indictment charges no offense. Quarles v. Commonwealth, Ky., 456 S.W.2d 693 (1970); Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966); cert. den. Watkins v. Kentucky, 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677. In this case the court questioned the appellant to determine whether he knew the significance of his plea of guilty before accepting the plea, in compliance with RCr 8.08. Furthermore, he does not allege that his plea of guilty was coerced.

The second question presented on this appeal is:

■ 2. Was appellant entitled to be present at an evidentiary hearing?

As authority for the proposition that appellant is not entitled to an evidentiary hearing, appellee cites Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965), which holds that a movant is not entitled to a hearing if the grounds stated in the RCr 11.42 motion, even if found true, would not be sufficient to invalidate the judgment or if the material issues of fact can be determined from the face of the record. See also Maggard v. Commonwealth, Ky., 394 S.W.2d 893 (1965). We are of the opinion that since appellant's plea of guilty makes his allegation of ineffective assistance of counsel unavailing, he is not entitled to a hearing.

Judgment affirmed.

All concur.