**James M. VAUGHAN, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

William C. Oldfield, Cobb, Combs, Beasley & Oldfield, Covington, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Asst. Deputy Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

James M. Vaughan, Jr., appeals from an order, entered after an evidentiary hearing was held, denying his motion under RCr 11.42 to set aside a judgment of April 6, 1972, which sentenced him to a term of five years in the penitentiary and a fine of $2,500 pursuant to a jury verdict (returned on March 31, 1972) finding him guilty of possession for sale of a dangerous drug (marijuana). Vaughan's principal contention is that he was denied effective assistance of counsel.

The alleged offense was committed on April 2, 1971. Vaughan was indicted on May 21, 1971. The case originally was set for trial for November 15, 1971, but the trial date was postponed to an indefinite time. On March 23, 1972, the case was ordered set for trial on March 31, 1972, and notice of the order was served on Vaughan on March 23. Vaughan promptly contacted an attorney in Paintsville, Kentucky, whom he previously had employed to represent him and with whom he had discussed the case. That attorney, however, told Vaughan that other commitments would prevent him from representing Vaughan at the scheduled trial, and he suggested that Vaughan make arrangements with attorney Tom Burns, who was representing Glenn Ridenour, one of two other defendants jointly indicted with Vaughan. The evidence is in conflict as to whether Vaughan did get in touch with Burns, but in any event no arrangement was made for Burns to represent Vaughan, and Burns testified that he had told Vaughan that he could not represent him because of a conflict of interest.

On the day of the trial Vaughan appeared in court without counsel. There was some discussion with the judge as to the circumstances of Vaughan's lack of counsel, following which the judge on his own motion appointed, to represent Vaughan, attorney Terry Anderson, who was representing the third defendant, Richard Caslin. Anderson told the judge, in answer to the latter's inquiry, that he knew of no reason why he could not represent Vaughan as well as Caslin, and he did not ask for a continuance. He conferred with Vaughan for only fifteen minutes before the trial began.

Vaughan, at the time of the alleged offense, was a 22-year-old college student at Morehead State University. The circumstances of the alleged offense were that on April 2, 1971, police officers raided a house near Morehead in which they found Ridenour and Caslin. The latter had marijuana in his possession. The officers found in Caslin's suitcase a rent receipt for rental of the house, made out to Vaughan as lessee. Acting under a warrant that authorized a search of the house, the officers

searched an attached or adjoining well-house and found therein a large quantity of marijuana and other drugs. The evidence for the prosecution on the trial of the case did not show that Vaughan had ever been in the house, but Vaughan in testifying in his own behalf admitted that he had rented the house for occasional week-end accommodations when the weather was such as to prevent his returning to his home in Louisa, and that he had been in the house some two weeks before the day of the raid.

The Commonwealth offered testimony by police authorities that for eight days after the raid on April 2, 1971, he was unable to be found, the purpose of the testimony being to show flight of Vaughan which would be indicative of guilt. On the trial, Vaughan introduced only his own testimony and that of his mother that he was either at home or at school in Morehead during the eight-day period in question. However, on motion for new trial, Vaughan submitted an affidavit of a Morehead University professor that Vaughan was in class on April 7.

The only evidence tending to establish Vaughan's guilt consisted of the finding of the drugs in the well-house, the rent receipt, Vaughan's own testimony as to his rental and occasional use of the house, and his alleged flight after the arrest. No question was raised by defense counsel as to the validity of the search of the well-house under the warrant authorizing serch of "a one-story frame residence."

Following Vaughan's conviction, attorney Anderson filed a notice of appeal for him and a designation of record. However, the appeal was not perfected because the record was not filed in time. The evidence at the evidentiary hearing on Vaughan's RCr 11.42 motion shows that Anderson and Vaughan's Paintsville attorney were confused as to which attorney was to assume responsibility for seeing that the record was filed. A letter from the Paintsville attorney to Anderson stated that "after you have perfected the appeal by filing the appeal and designation of record, I will take responsibility of carrying on the appeal by the preparation and filing of the necessary brief." The result of the confusion was that Vaughan was not given an appeal.

■ Under the totality of the circumstances above stated it is our opinion that Vaughan was denied effective assistance of counsel, primarily in that his appointed counsel was not allowed adequate time for preparation, and in that there was a serious potential of conflict of interest in Anderson's representation of both Caslin and Vaughan, each of whom with separate counsel might well have endeavored to establish that the other was in sole possession of the drugs. In fact, Anderson testified at the hearing on the RCr 11.42 motion that in retrospect he believed there was a conflict of interest.

While Vaughan may have been somewhat delinquent in not employing other counsel after his Paintsville attorney became unavailable, it seems to us that the penalty imposed for that delinquency—of being forced into trial with representation by an attorney who was allowed only a fifteen-minute conversation with his client and who was in a position carrying the potential of conflict of interest—was too severe. We think the circumstances here are comparable to those in Raisor v. Commonwealth, Ky., 278 S.W.2d 635, where we held that it was not fair to subject a defendant to trial with an attorney who was not given adequate time for preparation, even though the defendant might have misled the trial court by declaring that he was ready for trial and had employed counsel to represent him, and might even have done so with the intention of causing a continuance.

■ The circuit judge, in denying Vaughan's RCr 11.42 motion stated that the reason for the denial was that "the circumstances of the representation at the trial were not such as to shock the con-

science of the Court and to render the proceedings a farce and a mockery of justice." The rule to which the judge referred is one that relates to *trial performance* by the attorney and not to the matter of time for preparation for trial. Our cases do not hold that the failure to allow an attorney adequate time for preparation for trial is a ground for relief only if the attorney's conduct of the trial is so hopelessly bad as to make the trial a farce.

We reserve the collateral questions raised by the appellant as to the sufficiency of the evidence to sustain a conviction and the validity of the search of the well-house.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur except STEPHENSON, J., who dissents.