Kenneth JOHNSON, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

Oct. 14, 1980.

Rehearing Denied Nov. 25, 1980.

Jack E. Farley, Public Advocate, Donna Boyce Proctor, Asst. Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Pat Kimberlin, Asst. Atty. Gen., Frankfort, for respondent.

CLAYTON, Justice.

The movant, Kenneth Johnson, was convicted of first-degree burglary in the Clay Circuit Court for which he received a sentence of ten years' imprisonment. The Court of Appeals affirmed his conviction and this court granted movant's motion for discretionary review. The sole question presented in this case is at what point does the exclusive jurisdiction of the district court attach in a juvenile proceeding.

Movant and his brother were suspects in the November 11, 1977, burglary of the home of one Melvin Arnett. At the time of the crime movant was seventeen years of age. On December 16, 1977, a juvenile petition was filed in the Clay District Court charging movant with the crime. Two days later he became eighteen. On January 12, 1978, movant received a summons from the juvenile court to appear for a hearing on the petition but for unknown reasons this hearing was never held. On January 30

Johnson was indicted by the grand jury for burglary. His initial trial ended in a hung jury, yet on May 15, 1978, Johnson was tried again and convicted of first–degree burglary. During both trials movant's counsel moved to quash the indictment on the grounds that the circuit court was without jurisdiction in light of the pending juvenile petition. The trial court overruled both motions.

The pertinent portion of KRS 208.020 provides:

(1) The juvenile session of the district court of each county shall have exclusive jurisdiction in proceedings concerning any child living, or found within the county who has not reached his eighteenth birthday:

(a) Who has committed a public offense . . . .[1]

The respondent argues and the Court of Appeals agreed that the filing of the juvenile petition alone was not a "proceeding" as that term is used in the statute. We disagree.

■ This court has consistently held that when both the alleged offense and the commencement of juvenile proceedings occur before an accused becomes eighteen, and the proceedings are still pending at the time of indictment, the juvenile court has exclusive jurisdiction. *Miller v. Anderson*, Ky., 519 S.W.2d 826 (1975); *Koonce v. Commonwealth*, Ky., 452 S.W.2d 822 (1970). As we stated in *Lowry v. Commonwealth*, Ky., 424 S.W.2d 841, 843 (1968):

The present statute, in effect, says that the juvenile court shall have exclusive jurisdiction in proceedings concerning any child who has not reached his eighteenth birthday . . . . This is indicative of the legislative intent to restrict proceedings in the juvenile court to persons who are proceeded against therein before becoming eighteen years of age. The conclusion is thus reached that, under the language of KRS 208.020, the juvenile court has exclusive jurisdiction only when the proceedings are instituted against a child who has not reached his eighteenth birthday.

■ The intent and purpose of the juvenile statutes is to provide certain safeguards for juveniles which would not be available to adult defendants. Once a juvenile court assumes jurisdiction of an alleged offense committed by a juvenile, the court must either adjudicate the matter or conduct a hearing and transfer the case to circuit court pursuant to KRS 208.170. This court remains committed to the rule that the pertinent statutes governing the control and disposition of felony charges against juveniles must be rigidly adhered to in order to enable the juvenile court or the circuit court, as the case may be, to obtain jurisdiction of the case. *Heustis v. Sanders*, Ky., 320 S.W.2d 602 (1959).

■ In the instant case the juvenile court obtained exclusive jurisdiction over the case upon the filing of the juvenile petition two days before movant's eighteenth birthday. Since no transfer hearing occurred and the petition was still pending at the time of the indictment, the Clay Circuit Court never had jurisdiction to try this matter.

The case is therefore reversed and remanded with instructions to dismiss the indictment.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON, and STERNBERG, JJ., sitting.

All concur.

---

1. This section of KRS 208.020 was subsequently amended, effective June 17, 1978, but at the time of movant's trial this version was still in effect.