**Greg Allen IVEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 2, 1983.

Jack E. Farley, Public Advocate, Randall L. Wheeler, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Linda Carnes Wimberly, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, HOWERTON and PAXTON, JJ.

PAXTON, Judge.

Greg Allen Ivey appeals from an order of the Fayette Circuit Court denying his RCr 11.42 motion to vacate judgment. The motion is based on Ivey's contention that he did not receive effective assistance of counsel at trial and on appeal.

Ivey was arrested on October 31, 1974, on charges of attempted rape, assault and battery, burglary, and storehouse breaking. Being only sixteen years of age at the time of his arrest, he was arraigned in Fayette Juvenile Court. On November 10, 1974, Ivey escaped from the Fayette County Jail and went to Massachusetts, where he was arrested and convicted on criminal charges committed in that Commonwealth. Kentucky authorities placed a detainer against him, and on April 4, 1975, he filed a request for disposition of charges and a waiver of

extradition with the Fayette Commonwealth Attorney.

Ivey was paroled in Massachusetts on March 3, 1976, and brought back to Fayette County where the juvenile court declined jurisdiction because he had attained eighteen years of age on November 18, 1975, and was thus no longer a minor under Kentucky law. He was indicted on April 19, 1976, by the Fayette County grand jury on charges of burglary, detaining a female, malicious striking and wounding, and armed robbery. Ivey retained an able, experienced, trial attorney who moved the trial court to dismiss all charges contained in the indictment on the grounds that Ivey's

> constitutional rights as contained in the U.S. and Kentucky Constitution to 'a speedy trial' have been violated and further, since the charges were alleged to have been committed at the age of sixteen (16) years or 'a juvenile' and the proper procedure was not followed by the Fayette County Juvenile Court; that this Court has no jurisdiction over the alleged charge (sic) and that they should be dismissed or remanded to the Juvenile Court. for further procedure.

The motion was denied, and the case went to a jury trial where Ivey was found guilty and sentenced to 20 years imprisonment.

Ivey's conviction was affirmed in *Ivey v. Commonwealth,* Ky.App., 550 S.W.2d 185 (1977) (*Ivey I*). In April, 1978, Ivey, *pro se,* filed a RCr 11.42 motion and supplemental motion to vacate his judgment of conviction on the grounds that: (1) the Fayette Circuit Court was without jurisdiction to try him because he did not have a hearing in juvenile court as required by KRS 208.170, and (2) the Kentucky authorities failed to comply with KRS 440.450, Kentucky's enactment of the Interstate Agreement on Detainers. The trial court denied the motion, holding that

> The question of jurisdiction has been considered by the Court of Appeals, and it was decided adversely to the movant, Ivey; and consequently, the issue cannot now be raised under RCr 11.42. The argument raised by the movant regarding

the Interstate Agreement on Detainers could have been raised in his appeal, and we do not believe that the movant is entitled to raise it now under RCr 11.42.

The trial court also denied Ivey's motion for appointment of counsel.

Ivey next filed a CR 60.02 motion asking the trial court to vacate the order denying his RCr 11.42 motion and his request for appointment of counsel. This motion was summarily denied by the trial court. The Court of Appeals reversed, holding that Ivey was entitled to counsel and that his appointed counsel should be permitted to file supplemental pleadings. The Kentucky Supreme Court took discretionary review and affirmed the Court of Appeals ruling. *Ivey v. Commonwealth,* Ky., 599 S.W.2d 456 (1980) (*Ivey II*).

On remand, counsel was appointed, and he filed a supplemental pleading which included an allegation that Ivey "was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution." An evidentiary hearing was held on the motion on June 25, 1981, and by order entered July 2, 1982, the motion was denied. This appeal ensued.

Ivey argues he was denied effective assistance of counsel because his trial lawyer failed to:

1. Move for dismissal for failure of the Fayette authorities to comply with the juvenile waiver requirements of KRS 208.170.

2. Move for dismissal for failure of the Fayette authorities to comply with the requirements of KRS 440.450, the Interstate Agreement on Detainers [IAD].

3. Raise the juvenile waiver and IAD issues on the direct appeal.

4. Present a defense and in effect plead him guilty before the jury in closing argument.

## EFFECTIVE ASSISTANCE OF COUNSEL

Section 11 of the Kentucky Constitution provides that: "In all criminal

prosecutions the accused has the right to be heard by himself and counsel." It was held early on by our highest Court that this right to counsel means more than mere presence of an attorney at trial. *McDaniel v. Commonwealth,* 181 Ky. 766, 205 S.W. 915 (1918) (failure of trial court to grant continuance held error where trial counsel needed additional time to prepare). The test for whether an attorney complies with section 11 has now evolved into whether he is reasonably likely to render and is rendering reasonably effective assistance to the accused. *Henderson v. Commonwealth,* Ky., 636 S.W.2d 648 (1982). The defense attorney is required "to perform at least as well as a lawyer with ordinary training and skill in criminal law, utilizing that degree of training to conscientiously protect his client's interests." *Id.,* at 650.

█ Counsel was retained in this case, and there is authority for the proposition that the "farce and mockery of justice" test should apply to retained counsel. *King v. Commonwealth,* Ky., 387 S.W.2d 582 (1965). The rationale for permitting a less stringent test in retained counsel cases is that the state should only be held responsible for denying an accused the *right* to have effective assistance of counsel. If he selects and pays for his own attorney, that attorney's ineffectiveness is imputed to the accused, unless counsel's performance is so outlandish that an officer of the state, such as the judge or some other officer of the court, should notice. *Brooks v. Commonwealth,* Ky., 461 S.W.2d 547 (1970); *see King, supra,* at 585, *citing United States ex rel. Darcy v. Handy, Warden et al.,* 203 F.2d 407 (3rd Cir.1953). Our Supreme Court, in replacing the "farce and mockery of justice" test with the "effective assistance" test, expressly overruled: "[a]ny inconsistent holdings such as those expressed in *Wahl v. Commonwealth,* Ky., 396 S.W.2d 774 (1965), and *Vaughan v. Commonwealth,* Ky., 505 S.W.2d 768 (1974)." Because *Henderson, Wahl,* and *Vaughan* all involved appointed counsel, *Henderson* cannot be considered as direct authority for eliminating the "farce and mockery" test in retained counsel cases. Nevertheless, we believe the omission in

*Henderson* of any reference to a distinction between the two types of cases is suggestive, and we believe the better rule is that the "effective assistance" test of *Henderson* should be applied to appointed and retained cases alike. *Accord Cuyler v. Sullivan,* 446 U.S. 335, 344–45, 100 S.Ct. 1708, 1716–17, 64 L.Ed.2d 333 (1980). Whether an attorney fulfills this test is an issue of fact to be determined by the trial court, and its findings will not be set aside unless they are clearly erroneous. *Cole v. Commonwealth,* Ky., 441 S.W.2d 160 (1969); 21A Am.Jur.2d *Criminal Law* § 752 (1981).

█ Counsel for Ivey was reasonably likely to render effective assistance. There is uncontradicted evidence in the record from the RCr 11.42 hearing of June 25, 1982, that he was an experienced criminal defense attorney who had been involved in a great number of criminal trials. The issue before this Court, then, is whether counsel *rendered* reasonably effective assistance, the second requirement of the *Henderson* test.

### JUVENILE WAIVER

█ At the time juvenile charges were filed against Ivey, KRS 208.020 provided:

(1) The juvenile session of the county court of each county shall have exclusive jurisdiction in proceedings concerning any child, living, or found, within the county and has not reached his eighteenth birthday:

(a) Who has committed a public offense

. . . .

KRS 208.170, in effect at the time, provided that in order for the juvenile court to divest itself of jurisdiction and the circuit court to acquire it, the juvenile court must hold a hearing and enter an appropriate waiver order. It has been held that, if the original charges were filed in juvenile court, it is necessary to hold the waiver hearing, even if the accused is over eighteen when the indictment is returned. *Johnson v. Commonwealth,* Ky., 606 S.W.2d 622 (1980).

Ivey was under eighteen years of age when he committed the offense, when juve-

nile charges were brought against him, and when he was arraigned in juvenile court. He became eighteen years of age on November 18, 1975, and was thus no longer a juvenile when he was indicted on April 19, 1976. A waiver hearing was never held in juvenile court.

After indictment, Ivey's lawyer moved for dismissal of the charges on the ground, *inter alia,* that "the proper procedure was not followed by the Fayette County Juvenile Court; that this [circuit] Court has no jurisdiction over the alleged charge (sic) and that they should be dismissed or remanded to the Juvenile Court for further procedure." The motion was denied. On appeal, counsel argued that the circuit court *improperly obtained* jurisdiction because the Commonwealth had intentionally delayed bringing Ivey to trial in order to deprive him of the opportunity to be tried as a juvenile. This argument apparently was based on an incorrect interpretation of the waiver statute and case law. *See Johnson, supra.* Looking at the case from hindsight we know that counsel properly presented the jurisdictional argument to the trial court and was denied relief; and that although he did not renew his jurisdictional argument in the Court of Appeals, he did get into the record sufficient facts and applicable law to permit the Court of Appeals to make an independent, informed, legal decision as to whether the circuit court had jurisdiction. In *Commonwealth v. Berryman,* Ky., 363 S.W.2d 525 (1962), our former Court of Appeals said:

> The jurisdictional question we have found to be decisive on this appeal was not raised by the Commonwealth. However, it is disclosed by the record, and we are bound to take cognizance of any defect that may invalidate the judgment under review. "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of the reviewing court, and then of the court from which the record comes. This question cannot, so far as jurisdiction of the subject-matter is concerned, be waived by the parties or overlooked by the court. It is, therefore, open for the consideration

> of the reviewing court whenever it is raised by any party, or it may even be raised by the court of its own motion."

363 S.W.2d at 526–27, *quoting* 3 Am.Jur. *Appeal and Error* § 839 (citations omitted).

▪ On appeal, counsel argued that the Fayette authorities improperly delayed bringing Ivey to trial, thus depriving him of an opportunity to be treated in the criminal proceedings as a juvenile, instead of arguing that the circuit court was *without* jurisdiction until a juvenile hearing had been held and a proper waiver order entered. *Johnson v. Commonwealth, supra.* Nevertheless, we do not believe the handling of this issue can be characterized as ineffective assistance because a circuit court does have jurisdiction over the subject matter, *see Schooley v. Commonwealth,* Ky.App., 556 S.W.2d 912 (1977) (trial court's denial of RCr 11.42 motion to vacate judgment upheld where transfer order was insufficient), and a fair reading of the record suggests that had a waiver hearing been held, waiver would have been granted.

## FAILURE TO PRESENT A DEFENSE AND CLOSING ARGUMENT

▪ Ivey complains that his attorney pled him guilty, without his consent, when he stated in closing argument:

> The defendant, as you are well aware, did not take the stand; he didn't get up here and tell you some cock and bull story that this woman was lying and all this stuff didn't happen.

> What I am saying to you is this, and being completely candid, there is not much question that some of these offenses were committed.

> I am not condoning; I am not excusing it; he did not try to condone it or excuse it either. He didn't testify. There is no use in it. He did most of those things. I think it is obvious from the witness stand.

Ivey relies upon *Wylie v. Sowders,* 647 F.2d 642 (6th Cir.1981), in support of this argument. In that case, "[t]hroughout the closing arguments, both attorneys for [Wylie] *repeatedly* stated to the jury that [Wylie]

was 'guilty', 'guilty as charged', "and 'guilty beyond a reasonable doubt.'" 647 F.2d at 649–50 (emphasis added). We do not believe that the comments made by Ivey's attorney are of the same character as those denounced in *Wylie*.

Ivey's complaint that his counsel failed to present a defense is equally unconvincing. It is true that counsel did not make an opening statement, did not cross-examine the prosecuting witness, and did not present any evidence-in-chief. However, counsel's activities at trial were closely and conscientiously monitored by the judge. Using an abundance of caution, the trial judge had the prosecutor, Ivey, and Ivey's counsel in chambers on at least three occasions to give Ivey an opportunity to express his sentiments about his attorney's tactics. On each occasion, Ivey affirmed that he approved. Ivey now contends that he was intimidated by the process and points out that the trial judge did not inquire about his opinion on counsel's closing argument. We believe the record substantiates that counsel's handling of the witnesses and closing argument followed a pattern that was reasonably calculated to be in the best interests of Ivey. We do not believe the trial court's findings on these issues are clearly erroneous. *See Cole v. Commonwealth, supra.*

## INTERSTATE AGREEMENT ON DETAINERS

Ivey's contention that he was denied effective assistance of counsel because his attorney failed to properly present the Interstate Agreement on Detainers' issue is more persuasive. One of the goals of the IAD is expeditious disposition of charges pending against a prisoner in a state other than the one where he is detained. 21 Am.Jur.2d *Criminal Law* § 405 (1981). It is a vehicle by which an accused's constitutional right to a speedy trial is assured when he complies with the terms of the agreement. KRS 440.450 Art. V(3); *Lovitt v. Commonwealth,* 592 S.W.2d 133 (1979); 21 Am.Jur.2d *Criminal Law* § 405 (1981).

KRS 440.450 Art. III(1) provides that an inmate who has a detainer lodged against him shall be brought to trial within 180 days after he has properly filed a request for final disposition of the charges which form the basis for the detainer. KRS 440.-450 Art. V(3) provides that, when the 180-day rule is violated by the authorities who filed the detainer, the appropriate court of the jurisdiction where the charges are pending shall enter an order dismissing the charges with prejudice.

Counsel got sufficient evidence into the record to permit both the trial court and Court of Appeals to dismiss the charges on account of the Fayette authorities' failure to comply with the 180-day requirement of the IAD. *See Berryman, supra.* He practiced the case on the speedy trial theory and used the IAD to buttress his argument. In making the speedy trial argument, he put into the record evidence from which this Court, in *Ivey I,* concluded:

> Kentucky authorities, learning of his confinement, placed a detainer against him on February 21, 1975. On April 4, 1975, Ivey filed a request for disposition of charges and a waiver of extradition with the Commonwealth Attorney in Fayette County.
>
> * * * * * *
>
> Ivey's motion to dismiss these charges was overruled on May 7, 1976, and on May 24, 1976, he was tried by a jury and convicted on all four counts.

*Ivey I, supra,* at 186. Thus, the trial court knew, and this Court knew, from the record prepared by trial counsel, that Ivey had complied with the IAD and that the Fayette authorities had not complied with it. Although both courts could have dismissed the charges, they only addressed the speedy trial issue in terms of due process as presented by counsel, as opposed to the strict IAD 180-day rule. If counsel had argued that Ivey had complied with KRS 440.450 Art. III(1) by waiving extradition and requesting final disposition of the charges that formed the basis for the detainer, and that the Commonwealth had failed to bring him to trial within 180 days

thereafter, the trial court would have been compelled to dismiss the charges, with prejudice. KRS 440.450 Art. V(3); *Lovitt v. Commonwealth, supra.*

In *Commonwealth v. Weber,* 256 Pa.Super. 249, 389 A.2d 1107, 6 A.L.R. 4th 1200 (1978), counsel moved the trial court to dismiss the charges against his client because of the Commonwealth's failure to bring him to trial within 180 days after the complaint was filed, as required by Rule 1100 of the Pennsylvania Rules of Criminal Procedure. The motion was denied because counsel did not file the motion prior to trial, as required by the rule. The Pennsylvania appellate court upheld the trial court's ruling on counsel's failure to timely file the motion, but reversed with instructions to vacate the judgment because defendant did not receive effective assistance of counsel. In making its determination the court quoted from *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352 (1967):

> Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. (Emphasis in original).
>
> \* \* \* \* \* \*
>
> [W]e conclude, without the need for an evidentiary hearing, that trial counsel was ineffective in not acting in a timely fashion to vindicate appellant's Rule 1100 rights.

In the case at bar there could be no possible advantage to Ivey for trial counsel to fail to put the 180-day IAD issue before the trial and appellate courts. Had he done so, the trial court would have been com-

pelled to sustain the motion and dismiss the charges. Although counsel did get sufficient facts into the record that the trial court and Court of Appeals could have dismissed the charges based on failure of the Commonwealth to comply with the IAD, neither court did so. Thus it is clear that trial counsel was not incompetent. Actually, the results of the trial show that he was an effective advocate. He represented a defendant accused of brutal, senseless, violent crimes against direct evidence that left no doubt as to the perpetrator. Yet Ivey ended up receiving a twenty-year sentence out of a possible twenty-seven years.

In Kentucky, a reversal for ineffective assistance of counsel does not necessarily reflect adversely upon counsel. *See Vaughan v. Commonwealth,* Ky., 505 S.W.2d 768 (1974) (conviction reversed on account of ineffective assistance of counsel because trial judge refused a continuance and forced defendant to trial with a new attorney who had been employed only fifteen minutes).

 We hold that it is ineffective assistance of counsel to fail, without a reasonable basis, to present a defense that would compel a dismissal of the charges. Because there could not be a reasonable basis for counsel's failure to properly raise the IAD defense, the order of the Fayette Circuit Court entered July 2, 1982, is reversed with directions for the trial court to enter an order vacating the judgment entered June 8, 1976, and to dismiss, with prejudice, the charges contained in indictment number 76–CR–163.

All concur.