**William T. GRIDER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 21, 1966.

William T. Grider, pro se.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

In 1954 the appellant, Grider, was convicted of willful murder and sentenced to imprisonment for life. KRS 435.010. In 1965 appellant filed motion to vacate the judgment of conviction. RCr 11.42. The sole basis alleged for the motion to vacate was appellant's assertion that " * * * the Jury imposed an eight (8) year term of imprisonment on movant at its April Term, 1954, and the court change judgment to life. (Sic.)"

The trial court overruled the motion to vacate, without a hearing and without appointment of counsel. The basis for the trial court's ruling was that the record of conviction (which is before us on this appeal) reflects that appellant pleaded guilty to the murder charge, and the court instructed the jury to find him guilty and fix his punishment at death or confinement in the reformatory for life. The verdict of the jury is in the record, reproduced partially in the handwriting of the jury foreman. It recites: "We, the jury, find the defendant guilty and fix his punishment at life imprisonment in the State Reformatory." The verdict bears the signature of a juror as foreman. The judgment of conviction conforms to the verdict.

Appellant presented with his motion to vacate an affidavit signed by nine of the jurors (sworn to telephonically by seven of them) in which it is recited: "We, the undersigned jurors gave said William T. Grider eight (8) years at his trial April court 1954. (Sic.)" Beneath the signatures of the jurors appears the typed statement: "And we feel he should be discharged as he has more than served his sentence."

It is fundamental that jurors may not impeach their verdict in this manner. See Cr. C. Section 272 (applicable at the time of the conviction) and RCr 10.04 now in effect. Howard v. Commonwealth, Ky., 240 S.W.2d 616. Moreover, the effort at showing the verdict provided imprisonment for eight years is manifestly untenable.

498

The only possible verdicts under the instruction and statute were punishment by death or life imprisonment. Obviously the trial court properly denied the motion to vacate without a hearing.

Appellant seeks to advance other bases for vacation of the judgment, but these are advanced for the first time on appeal. They are not before us for review, although we take occasion to observe that the asserted grounds are patently vaporous.

The judgment is affirmed.