James **YAGER**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 1, 1966.
As Modified on Denial of Rehearing

Oct. 21, 1966.

Francis T. Goheen, Paducah, James Yager, pro se., for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

James Yager appeals from a judgment of the McCracken Circuit Court entered upon a verdict finding him guilty of escape from custody (as denounced by KRS 432.390(1)) and sentencing him to five years' confinement in the penitentiary. On May 6, 1964, while Yager was confined in the Eddyville State Penitentiary pursuant to felony convictions, he was taken to the City of Paducah in the custody of a guard to have an eye examination. Upon leaving the doctor's waiting room he disappeared. Several days later he was located by law enforcement officers in Chicago and returned to the Eddyville State Penitentiary.

■ Yager contends the trial judge erred in overruling his motion to quash the indictment because "it was contrary to law." We assume that Yager was objecting to the fact that the grand jury which indicted him was empaneled September 1, 1964, a Tuesday, whereas KRS 29.205 provides that in courts of continuous session (such as McCracken Circuit Court) a grand jury shall be empaneled "on the first Monday of each month that the court is in session." However, this provision of the statute is qualified by the phrase "unless otherwise ordered by the judge." Hence the trial judge was authorized by the statute itself to empanel a grand jury on the day in question.

■ The next contention is that Yager had ineffective assistance of counsel because his appointed counsel knew he would not be reimbursed for his services. Yager apparently assumes that in the absence of remuneration appointed counsel will not perform his duties diligently. This assumption is repugnant to the canons of legal ethics and we cannot accept it. Moreover, the record in the case indicates that, insofar as Yager would follow the advice of his attorney, he had able assistance of counsel during trial and on this appeal.

■ Yager urges that the trial judge erred in overruling his motion for a change of venue. The motion stated that Yager could not obtain a fair trial in McCracken County because of bias created by certain articles published in a local newspaper dealing with his escape. Although Yager failed to comply with the requirement of KRS 452.220 by filing two affidavits in support of his motion, the trial judge heard witnesses for both sides before he ruled on this motion. Even if Yager had been entitled to a hearing on this motion (which he was not) we would not disturb the trial judge's determination since the evidence was not preserved for appellate review and consequently an abuse of discretion has not been shown. Smith v. Commonwealth, Ky., 366 S.W.2d 902.

■ Several witnesses residing outside McCracken County who had been subpoenaed by Yager did not appear at his trial. Yager moved under KRS 455.100 to have the court appoint a special bailiff to compel their attendance. The appointment of a special bailiff pursuant to this statute is discretionary with the trial judge. Yager refused to indicate why these witnesses were needed. He neither filed an affidavit to show the nature of their evidence or how it would be material to his defense nor did he request a continuance on account of their absence. Under these circumstances the trial judge's refusal to appoint the bailiff is not reviewable. Cf. Lay v. Commonwealth, 186 Ky. 163, 216 S.W. 123.

■ Testifying in his own behalf Yager related his past history in an apparent attempt to convince the jury that he was an intelligent, considerate and well-adjusted individual whose explanation of his alleged escape was worthy of belief. On cross-examination the Commonwealth attempted to refute this testimony by showing that his primary concern had been to gain notoriety for himself and to embarrass public

officials. Yager admitted having filed various civil actions which had resulted in fourteen separate investigations by state and federal officials. The Commonwealth then read to the jury, over Yager's objection, a letter which he had written after having been returned to prison. He now contends it was error to permit the reading of this letter. In summary he had written that he was engaged in mapping out legal strategy which would make his trial a "blazing battle" causing serious embarrassment to numerous persons. In support of his contention it is argued that the letter was obtained in violation of the Fourth Amendment to the Constitution of the United States. Undoubtedly the prison authorities had the right to intercept appellant's mail for security reasons. However, assuming arguendo that the reading of this letter to the jury constituted error as contended, such an error does not automatically require a reversal of the conviction. RCr 9.26 provides:

"A conviction shall be set aside on motion in the trial court, or the judgment reversed on appeal, for any error or defect when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced."

Hence, the crucial question is whether the error is prejudicial. The contents of the letter were innocuous and merely tended to cast doubt on appellant's credibility. Other testimony, including that of appellant's, had, prior to the reading of the letter, seriously jeopardized the probative value of his testimony. We have concluded that the trial judge did not err in overruling the objection to this letter's being read as we are satisfied that the substantial rights of appellant have not been prejudiced by the cumulative effect of this letter.

■ It is contended that the evidence is insufficient to support a conviction under KRS 432.390(1) which makes it a felony for any person convicted of a crime serving a sentence in the penitentiary to "flee from whatever bounds he may be assigned, whether under guard or as a trusty." Yager testified that the prison guard authorized him to leave the doctor's office after his eye examination was concluded. The guard admitted that he let Yager leave the doctor's office to go to the Federal Building but when Yager failed to return he made an intensive search for him before reporting his escape to the state police. This testimony refutes Yager's assertion that the guard released him from custody as does the fact that no person could reasonably believe that a prison guard had authority to liberate a prisoner.

■ Although evidence of Yager's insanity was not such as to require the giving of an instruction on it, the trial judge, out of an abundance of caution, gave such an instruction. Yager now contends the instruction was erroneous because it did not include a reasonable doubt provision. The instructions required the jury to find him not guilty if it had a reasonable doubt as to his having been proven guilty or as to any material fact necessary to establish his guilt. This was sufficient.

■ Finally Yager complains that he was placed in double jeopardy contrary to the Federal and State Constitutions because upon his return from Chicago the Kentucky prison officials placed him in solitary confinement for twenty-one days and before he was tried on the instant indictment. One of the factors of legal jeopardy is being placed on trial before a court of competent jurisdiction on an indictment or information sufficient to sustain a conviction. Hunt v. Commonwealth, Ky., 338 S.W.2d 912; Hughes v. Commonwealth, 131 Ky. 502, 115 S.W. 744, 31 L.R.A., N.S., 693. The punishment meted to Yager by the prison officials was a disciplinary measure which does not constitute legal jeopardy. The reasonableness of the alleged disciplinary action is not before us.

The judgment is affirmed.