**Danny PEDIGO, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1967.

Leland H. Logan, Bowling Green, for appellant.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This appeal is from a sentence of twenty years' imprisonment given to appellant as a result of his participation in the robbery of the National Store in Burkesville, Kentucky. The store was broken into on the night of January 5, 1966, and a safe forced open and burglarized of $734.81.

The proof against appellant is that he and three companions were seen in Burkesville on the afternoon before the robbery. They went into the National Store around three or four o'clock in the afternoon and were noticed because of their suspicious conduct. One of them purchased a pillow case and sheets. Later in the day, around 4:45 p. m. a Pontiac convertible automobile, with a red stripe, operated by appellant, was observed in the alley behind the National Store. This same automobile was observed by another witness still later in Burkesville around eight o'clock. Around nine o'clock of the same night, the city police of Glasgow were called to investigate an accident in which an automobile had struck a building. Apparently it had been left unattended and had rolled into the building. When the officers arrived at the scene, appellant came out of a nearby building and locked the car before it was towed away. The officers towed the car to a garage and upon arriving there appellant and one of his companions of the

evening by the name of Walker arrived in a taxi, having followed the towed car. Getting out of the taxi, they unlocked the Pontiac automobile and proceeded to remove articles from it and place them in the taxi. When Walker removed a leather bag containing several tools, a part of which were observed protruding from the bag, the officers placed both appellant and Walker under arrest for the possession of burglary tools. Without following the sequence of events further, we will only point out that one of the tools contained in the bag was a drift punch approximately ten inches long, which had the small end broken off. The punch had been purchased the day before by Curtis Pulliam, another of appellant's companions. Upon investigation of the safe which had been burglarized, the officers found contained in the lock the steel tip of a punch which had been broken off. When this was fitted to the punch found in the bag being removed from the automobile by appellant and his companion, the fit was perfect. There is no doubt but what the punch in the bag was used in the robbery. On a trial before a jury, appellant was found guilty. He now insists that there was not sufficient evidence to support the verdict of guilty. We believe this contention is so void of merit that it requires no comment from us other than to point out the evidence of guilt was overwhelming.

Appellant next contends that the punch, which was the chief incriminating item of evidence, should not have been introduced. The basis on which the objection to the introduction of the burglary tools was made was their remoteness. Appellant did not at the time of the trial object to the legality of the arrest or of the search nor did he rely upon this in his motion and grounds for a new trial. The contention is raised for the first time upon this appeal and therefore is not entitled to review. See Grider v. Commonwealth, Ky., 398 S.W.2d 496; Lewis v. Commonwealth, Ky., 318 S.W.2d 857; Etherton v. Commonwealth, Ky., 335 S.W.2d 899.

Appellant makes other allegations of error concerning the introduction of testimony which we deem to be without merit.

The judgment is affirmed.

All concur.