**James Boyd Doodle WALKER and Curtis Pulliam, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1968.

Carter & Alexander, H. Jefferson Herbert, Wilson, Baker, Herbert & Garmon, Glasgow, for appellants.

Robert Matthews, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

James Walker, Curtis Pulliam, Danny Pedigo and Bobby Kinslow were tried together on a charge of burglarizing a safe in a store in Burkesville, Kentucky. Kinslow was acquitted but the other three were convicted. Walker and Pedigo received 20-year sentences and Pulliam received a 2-year sentence. Pedigo appealed separately and his conviction was affirmed in Pedigo v. Commonwealth, Ky., 416 S.W.2d 751. We now have before us the appeals of Walker and Pulliam (each represented by different counsel).

■ We shall first consider Walker's appeal. His first contention relates to an alleged error in denial of a continuance.

On the trial Walker, Pedigo and Kinslow all were represented by Attorney Robert M. Alexander (who represents Walker on this appeal). The trial began on March 29, 1966. On that day, before the trial commenced, Walker and Pedigo filed a written motion asking for a continuance to the next term

of court, on the ground that they had hired Attorney Robert C. Carter, Alexander's partner, to represent them; Carter was physically disabled by a heart attack; and more time would be required to enable Alexander to take over the defense of the cases. The motion was supported by a doctor's certificate that Carter had suffered a heart attack on February 15, 1966, and had been totally disabled since that date. Also there was Alexander's affidavit that he would require additional time to prepare the defense for Walker and Pedigo.

The written motion for a continuance to the next term was overruled. Walker and Pedigo then made an oral motion for a one-day continuance, which also was overruled. The trial then proceeded with Alexander representing Walker, Pedigo and Kinslow.

Walker contends that the overruling of the motions for continuance constituted prejudicial error, under the holding in Stumph v. Commonwealth, Ky., 408 S.W.2d 618.

Several significant facts distinguish this case from *Stumph*, where appointed counsel had their first connection with the case only two days before the trial. Here, Alexander all along was representing Kinslow, so he was familiar with the case. Also, he had appeared for Walker and Pedigo in all proceedings preliminary to trial. And most significant, he and the accused obviously had known since February 15 that Carter was disabled and that someone would have to take over the cases. Walker and Pedigo had ample notice at least a month before the trial that they would have to obtain counsel other than Carter. Under these circumstances their plea for more time, asserted on the day of the trial, did not have the ring of sincerity. It is our opinion that the trial court did not err in overruling the motions for a continuance.

■ Walker next contends that the circumstantial evidence upon which he was convicted was not sufficient to sustain a

conviction. Our answer is that the evidence against Walker was the same as that against Pedigo, which we said on Pedigo's appeal was "overwhelming" evidence of guilt. Pedigo v. Commonwealth, Ky., 416 S.W.2d 751 at 752.

■ Another contention by Walker is that his arrest was illegal; the taking by the officers of certain tools from the possession of Walker and Pedigo at the time of the arrest constituted an illegal search and seizure; and the tools therefore should not have been admitted in evidence. It should be a sufficient answer to this contention to point out that no objection was made on the trial, to the admission of the tools, on the ground of illegal arrest or illegal search and seizure. And even if proper objection had been made the contention could not prevail. Walker and Pedigo, in the presence of police officers but not then under arrest or detention, removed from an automobile, of which they had been in possession, a bag with tools protruding from it, of the nature of burglary tools. The officers, observing the tools, arrested Walker and Pedigo for possession of burglary tools and seized the tools. We think clearly there was probable cause for the arrest. This being so, the seizure of the tools incident to the arrest was proper. There was no search involved in the observation and seizing of the tools.

■ Walker maintains that evidence by a police officer, that a broken piece of metal found in the burglarized safe fitted perfectly on the broken end of a punch found in the bag of tools taken by the officers from Walker and Pedigo, should not have been admitted because the matching or fitting was not proved by laboratory tests. No reason why a laboratory test should have been required is given, and we do not conceive of any. Furthermore, no objection to the evidence was made on the trial.

■ Finally, Walker argues that the evidence as to the arrest of Walker and Pedigo in Glasgow, Barren County, and the seizure of the tools from them, was too remote in the prosecution for a burglary committed in Burkesville, Cumberland County. There is no merit in this argument. The fact alone that a burglary tool found in their possession when they were arrested, the same night that the burglary was committed, matched a piece of metal found in the safe, furnished all of the continuity and connection that was necessary. The evidence being pertinent and relevant to the issue of guilt of the crime being tried, the fact that the evidence showed guilt of another subsequent crime did not render it inadmissible. Cole v. Commonwealth, Ky., 381 S.W.2d 318; Smith v. Commonwealth, Ky., 366 S.W.2d 902; Shepperd v. Commonwealth, Ky., 322 S.W.2d 115.

We turn now to the Pulliam appeal.

■ Pulliam's first contention is that the trial court erred in overruling his motion for a separate trial. The only prejudice claimed to have been sustainable from the joint trial was such as would arise from the fact that certain evidence not admissible against Pulliam could be introduced because it was admissible as to Walker and Pedigo. Under Hoskins v. Commonwealth, Ky., 374 S.W.2d 839, this was not such prejudice as to require the granting of a separate trial.

■ Pulliam next argues that the trial court erred in not admonishing the jury that certain evidence with respect to Walker and Pedigo could not be considered as evidence against him. Specifically, he refers to the evidence of the burglary tools and evidence that at 8:00 p. m. on the night of the burglary two persons, not identified, were seen in Burkesville near the burglarized store with the automobile from which the burglary tools later were removed by Walker and Pedigo. Since there was evidence, hereinafter summarized, placing Pulliam with Walker and Pedigo in the store in Burkesville on the afternoon of the day of the burglary, and otherwise indicating that he was an associate with Walker

and Pedigo in the burglary, we think the evidence complained of *was* admissible as against Pulliam, and he was not entitled to an admonition. See Strunk v. Commonwealth, 285 Ky. 783, 149 S.W.2d 528, as to admissibility of evidence that a codefendant was in possession of the fruits of the crime.

Pulliam's final contention is that the evidence was insufficient to sustain his conviction. We shall summarize the evidence.

There was testimony that Pulliam was with Walker, Pedigo and Kinslow in the store in Burkesville around 3:30 p. m. on the day of the robbery. The boys acted suspiciously and aroused the attention of the manager by their unusual actions, which included the purchase of some items not usually shopped for by men. One of the boys, identified as Pulliam, purchased some pillow cases. Around 5:00 p. m. a witness saw several boys going up and down the alley behind the store in a white Pontiac with a red stripe on it and bearing a Barren County license. Around 8:00 p. m. the same witness saw the same automobile parked near the end of the alley, and saw two boys going down the alley, one with a woman's purse and the other with a sack; the two boys got in the Pontiac, which already had "somebody" in it. At 9:00 p. m. that night a white Pontiac with a red stripe on it was found by police officers in Glasgow at a place where it had rolled down a hill into a building. Walker and Pedigo appeared and claimed it was a car they had been trying out as prospective buyers. The police had the car towed to a garage and Walker and Pedigo followed in a taxi. At the garage Walker and Pedigo removed several things from the Pontiac and put them in the taxi. Continuing to remove things they brought out the tool bag, whereupon they were arrested. Among the tools was a new tire iron identical with one which Pulliam was shown to have purchased the previous day. The officers picked up the things which Walker and Pedigo had put in the taxi and among them was a paper sack containing the pillow slips purchased by Pulliam from the Burkesville store, with a sales slip from the store.

We think the evidence was ample to sustain the conviction of Pulliam. The evidence clearly points to the fact that Walker and Pedigo, residents of Glasgow, were in Burkesville from 3:30 p. m. to at least 8:00 p. m., with the white Pontiac car. Since Pulliam and Kinslow, who also lived in Glasgow, were seen with them in the store at 3:30 p. m., and since more than two boys were in or around the car when it was seen at 5:00 p. m. and 8:00 p. m., the conclusion is warranted that the four boys remained together. This is supported by the fact that the pillow slips purchased by Pulliam were in the Pontiac later that night in Glasgow. There is the further fact that Pulliam recently had purchased a tire iron identical with that found in the tool bag. The evidence is fairly indicative of Pulliam's participation.

The judgment is affirmed.

All concur.