**James Bell YAGER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 1, 1968.

Rehearing Denied Feb. 21, 1969.

James Bell Yager, pro se, Francis T. Goheen, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

James Bell Yager appeals from a denial of his motion under RCr 11.42 to vacate a sentence of five years for violation of KRS 432.390, escape from a penitentiary. His appeal from the sentence was affirmed, with petition for rehearing denied. Yager v. Commonwealth, Ky., 407 S.W.2d 413. Significantly, it is there pointed out that so far as Yager would permit, he had able assistance of appointed counsel during trial and on appeal. The same appointed counsel has continued to render able assistance on the hearing and appeal of this proceeding.

The single question is whether the claimed unfavorable pretrial publicity deprived appellant of a fair trial in violation of the due process clause of the Fourteenth Amendment, United States Constitution. Appellant relies on Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600.

Prior to his trial on a charge of which he was convicted, appellant moved for a change of venue. KRS 452.210; 452.220. The petition for change of venue was not supported by the required affidavits. The failure to file such affidavits, through no fault of counsel, was fatal to the petition. White v. Commonwealth, Ky., 394 S.W.2d 770; Stone v. Commonwealth, Ky., 418 S.W.2d 646. The failure to prosecute the petition for a change of venue and the failure to raise the question on the original appeal constituted a waiver of any claimed right to change of venue. Grider v. Commonwealth, Ky., 398 S.W.2d 496; Hatton v. Commonwealth, Ky., 409 S.W.2d 818; Pedigo v. Commonwealth, Ky., 416 S.W.2d 751. The failure to pursue the claimed right in the original prosecution precludes any review or relief under RCr 11.42. Brown v. Commonwealth, Ky., 396 S.W.2d 773; Kiper v. Commonwealth, Ky., 415 S.W.2d 92, cert. denied 389 U.S. 875, 88 S.Ct. 170, 19 L.Ed.2d 161.

On this RCr 11.42 proceeding the trial court held a hearing at which eleven witnesses testified. The trial court found that the publicity complained of did not prejudice the jury; that on the trial appellant did not challenge any prospective juror for cause and did not exhaust his peremptory challenges; that the jury was filled from the regular panel; that the appellant convicted himself by his own testimony; and that his confession on trial amounted to a plea of guilty. A veteran newspaper reporter testified that appellant was a "publicity seeker." Despite the fact that the evidence establishing appellant's guilt was overwhelming, he received less than the maximum sentence authorized. A review of the testimony concerning the pretrial publicity reveals that it by no means approached the amount of pretrial publicity found to exist in Irvin v. Dowd, 366 U.S.

717, 81 S.Ct. 1639, 6 L.Ed.2d 751; Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543, or Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed. 2d 600. There is no merit in his contention. Wolfe v. Commonwealth, Ky., 431 S.W.2d 859.

■■ An additional reason for affirmance of this judgment is that in criminal cases involving change of venue, the trial court has wide discretion in deciding such questions. His decision will not be reversed unless it is shown with reasonable certainty that there has been an abuse of discretion. Kiper v. Commonwealth, Ky., supra; Claypoole v. Commonwealth, Ky., 355 S.W.2d 652. Appellant has failed to convince the court that the judgment was "manifestly wrong." Kiper v. Commonwealth, supra; Wahl v. Commonwealth, Ky., 396 S.W.2d 774, cert. denied 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 686.

Judgment affirmed.

All concur.