**BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, Appellant,**

v.

**WILLIAM DOHRMAN, INC. and Utility Regulatory Commission, Appellees.**

Court of Appeals of Kentucky.

Sept. 4, 1981.

Kyle T. Hubbard, Nold, Mosley, Clare, Hubbard & Rogers, Louisville, for appellant.

Albert F. Reutlinger, Middleton & Reutlinger Louisville, for appellee Dohrman.

William M. Sawyer, Ellyn Elise Crutcher, Public Service Com'n, Frankfort, for appellee, Utility Regulatory Com'n.

Before GANT, GUDGEL and HOWERTON, JJ.

HOWERTON, Judge.

The Board of Education appeals from a final order of the Jefferson Circuit Court dismissing its complaint by holding that the Franklin Circuit Court had exclusive jurisdiction of the subject matter.

Dohrman operates a sewage treatment plant which services two schools in Jefferson County. The rates for treatment of the sewage from the schools had been agreed to by contract. The rates were subject to renegotiation at the request of either party, but failing an agreement, they were to be set by binding arbitration.

On March 21, 1978, Dohrman filed an application for a rate increase with the Commission. At that time, neither Dohrman nor the Board had requested a renegotiation of the rates or arbitration. The Board and all other users in the sewage system were notified of the application, and the Board filed a response opposing the rate increase. A representative of the Board appeared at the public hearing and argued against the increase. On July 19, 1978, the Commission prescribed rates for three classes of users, one of which included the schools.

The Board petitioned for a rehearing, arguing that it had contractual rights with Dohrman and that it was not subject to the rate modifications as might be prescribed by the Commission. KRS 278.040(2). The petition was denied, and the Board did not appeal the decision of the Commission to the Franklin Circuit Court.

The Board sought a declaratory judgment in the Jefferson Circuit Court. There were

no issues of fact to be resolved, and the parties agreed to submit briefs on the legal issues. The court dismissed the Board's complaint for lack of jurisdiction and severed the counterclaim of Dohrman which had been filed to collect the unpaid portion of the new rates.

The Board argues that KRS Chapter 278 excludes contractual relations between a utility and a political subdivision from the exclusive jurisdictions of the Commission and the Franklin Circuit Court. We cannot agree.

KRS Chapter 278 covers the Energy and Regulatory Commissions, which were previously known and functioned as the Public Service Commission. Prior to April 1, 1979, KRS 278.040(2) read:

> The jurisdiction of the commission shall extend to all utilities in this state. The commission shall have exclusive jurisdiction over the regulation of rates and service of utilities, but with that exception nothing in this chapter is intended to limit or restrict the police jurisdiction, contract rights or powers of cities or political subdivisions.

Strictly speaking, the Commission had the right and duty to regulate rates and services, no matter what a contract provided. Other subjects of a political subdivision's sewer service or utility contract were excepted from the Commission's exclusive jurisdiction. *Southern Bell Telephone and Telegraph Co. v. City of Louisville*, 265 Ky. 286, 96 S.W.2d 695 (1936). For the sake of further uniformity, the Franklin Circuit Court was given exclusive appellate jurisdiction over orders of the Commission. KRS 278.410.

Not only did the Commission have jurisdiction to consider the rates charged by Dohrman, but also the Board tried its case before the Commission. The Board attempted to present the same issues to the Jefferson Circuit Court. Once these matters had been presented to the Commission and decided by it, any appeal could only be taken to the Franklin Circuit Court.

Several other issues and arguments were presented collaterally, such as res judicata and collateral estoppel. We see no purpose in discussing or determining the relevance of those arguments, in light of the decision we are adopting.

The judgment is affirmed.

All concur.