**GENERAL MOTORS CORPORATION, Appellant,**

v.

**BOOK CHEVROLET, INC., Appellee.**

**No. 97–SC–678–DG.**

Supreme Court of Kentucky.

Nov. 19, 1998.

Linsey W. West, Lexington, Richard C. Godfrey, Andrew B. Bloomer, David J. Zott, Chicago, IL, L. Joseph Lines, III, General Motors Corporation, Detroit, MI, for Appellant.

Anne Howard Shelburne, Owensboro, Rick E. Marsh, D. Wesley Newhouse, Columbus, OH, for Appellee.

STEPHENS, Justice.

Plaintiff/Appellee Book Chevrolet, Inc. (Book) is a Delaware corporation whose principal place of business is in Hartford, Kentucky. Defendant/Appellant General Motors (GM) is a Delaware Corporation whose principal place of business is Detroit, Michigan, but who is qualified to do business in Kentucky as a foreign corporation. Book, a

Chevrolet and Geo dealership under contract with GM, filed a two-count complaint in Ohio Circuit Court against GM for breach of contract and violation of KRS 190.070 of the Kentucky Motor Vehicle Sales Act (MVSA). GM moved to dismiss the MVSA count or, in the alternative, to switch venues to Franklin County.

After oral argument, the trial court dismissed the MVSA count of the complaint on the basis that KRS 190.062(1) requires civil actions filed under KRS ch. 190 to be brought in Franklin Circuit Court. Book subsequently appealed the order. The Kentucky Court of Appeals reversed the order and remanded the case to Ohio Circuit Court. It found that claims under KRS 190.062(1) are transitory actions governed by KRS 452.480 that may be brought anywhere the defendant resides or is summoned. The Court of Appeals further found that KRS 190.062(1) merely created an additional venue for such actions. As a result, GM sought discretionary review from this Court, which was granted.

We begin by noting that, under general rules of statutory construction, this Court may not interpret a statute at variance with its stated language. *Gateway Construction Co. v. Wallbaum*, Ky., 356 S.W.2d 247, 249 (1962). KRS 190.062(1) states that "any person who is injured in his business or property by a violation of" the Kentucky Motor Vehicles Sales Act "may bring a civil action in the Franklin Circuit Court to enjoin further violations" and "to recover the actual damages sustained by him...." A plain reading of the statute requires that anyone proceeding under KRS Chapter 190 must bring the civil action in Franklin Circuit Court. The phrase "may bring" acts on the phrase "civil action" and thus create a civil claim, whereas the phrase "in Franklin Circuit Court" specifies where that claim is to be filed. In other words, the statute simply says that if one desires to file a civil claim under the Motor Vehicle Sales Act to enjoin further violations of the Act and to recover the actual damages sustained, together with the cost of the suit (including a reasonable attorney' fee), that action must be brought in the Franklin Circuit Court.

Thus, KRS 190.062(1) creates a claim; it is not merely a venue statute. It follows, then, that KRS 452.450, which governs where contract claims against a corporation may be brought, does not apply. There is no conflict between the statutes. Therefore, even if KRS 190.062(1) were construed to provide an additional venue for claims under the Motor Vehicle Sales Act, it would make the language "in Franklin Circuit Court" mere surplusage since a claim could be brought in Franklin Circuit Court anyway, provided the criteria of KRS 452.450 are met. It is a rule of statutory construction that a statute should be construed so that no part of it is meaningless or ineffectual. *Ledford v. Faulkner*, Ky., 661 S.W.2d 475, 476 (1983).

Book maintains that this interpretation is unreasonable because it would require plaintiffs to litigate actions based on the same set of facts in two separate forums or require them to forego claims because of conflicting venue and jurisdiction requirements. The relief available under a common law breach of contract claim is not much different from that available under KRS 190.070. For example, although there is no difference between the two claims regarding awards of damages and attorneys' fees, there is a statutory presumption under KRS 190.070 that could make a statutory claim easier to prove. The statutory presumption, however, would not apply to common law claims. Time and resource constraints, however, may force an election of remedies: common law or statutory. We must nonetheless presume that the General Assembly knew what it was doing when it created the statutory claim. Designating a single county as the forum for both regulatory and civil procedures under the Act promotes efficiency and expertise in the administration of the Act's provisions. It also minimizes the possibility of inconsistent and contradictory results.

This Court has never held that where the General Assembly has said a claim must be filed in Franklin Circuit Court, it simply didn't mean it. *See, e.g., Kentucky Central Life Insur. Co. v. Stephens*, Ky., 897 S.W.2d 583, 587–88 (1995)(holding that KRS 304.33–040 places exclusive jurisdiction in Franklin Circuit Court to hear petitions to liquidate

assets under KRS 304.33–520, which states: "[T]he commissioner may apply to Franklin Circuit Court by petition for an order directing him to liquidate assets.") *Cf. Noble v. Meagher*, Ky., 686 S.W.2d 458, 461 (1985) (stating that, in regard to statutory procedures, when "[t]he forum and procedures have been precisely stated by the General Assembly, ... the courts of this Commonwealth have been consistent in holding such a procedure is the exclusive remedy." *See also, e.g., Board of Educ. of Jefferson Co. v. William Dohrman, Inc.*, Ky.App., 620 S.W.2d 328, 329 (1981) (holding that statutory language of KRS 278.410(1) stating that parties affected by Public Service Commission orders "may ... bring an action against the commission in Franklin Circuit Court" vested exclusive appellate jurisdiction in the Franklin Circuit Court). Accordingly, we reverse the Court of Appeals and hold that KRS 190.062(1) vests exclusive jurisdiction in Franklin Circuit Court to hear civil claims brought under the Motor Vehicle Sales Act.

COOPER, GRAVES, and STUMBO, JJ., concur.

LAMBERT, C.J., dissents and files a separate dissenting opinion.

JOHNSTONE and WINTERSHEIMER, JJ., join in this dissenting opinion.

LAMBERT, Chief Justice, Dissenting.

The issue before us is whether KRS 190.062(1) requires an action alleging violation of the Kentucky Motor Vehicle Sales Act ("MVSA") to be brought in Franklin Circuit Court, or whether the statute merely creates an additional venue (other than the general contract venue statute, KRS 452.450) in Franklin County for such actions. The majority has held that KRS 190.062(1) vests exclusive venue in Franklin County. I respectfully disagree.

The language at issue in KRS 190.062(1) states that any person injured by a violation of the MVSA *"may bring* a civil action in the Franklin Circuit Court" (emphasis added). The operative phrase is "may bring," and by any account, grammatical or legal, this language is permissive, not mandatory. The majority evades this plain meaning, however,

by summarily concluding that the permissive nature of "may bring" is limited and applies only to the verb's direct object, "civil action." Thus the statute, according to the majority's reasoning, merely gives an injured party the opportunity to bring a claim—which if brought, *must* be brought in Franklin Circuit Court.

This interpretation is not a "plain reading" of the statute, as the majority claims, but is a creative reading that requires a logical inference that is not supported by the statutory language. The inference discovered by the majority is that the claim *must* be brought in Franklin County. While the statute says that an injured party may bring a civil claim, it does not say that the claim *must* be brought in Franklin County. I find no language in the phrase at issue that would warrant a determination of exclusive jurisdiction in Franklin County, particularly when another statute, KRS 452.450, indisputably places venue elsewhere.

It is a fundamental and time-honored principle of statutory construction, as the majority rightly notes, that a court may not interpret a statute at variance with its stated language. *Layne v. Newberg*, Ky., 841 S.W.2d 181, 183 (*citing Gateway Construction Company v. Wallbaum*, Ky., 356 S.W.2d 247 (1962)). Here, the majority's interpretation is at variance with the plain language, and for this reason, I decline to join the majority and would instead affirm the Court of Appeals. This claim was brought in the Ohio County Circuit Court and alleges a breach of contract claim. It should go forward in the venue appellee (plaintiff in the trial court) selected under the authority of KRS 452.450.

JOHNSTONE and WINTERSHEIMER, JJ., join this dissenting opinion.