RENDERED:  JANUARY 16, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0556-MR

LOUISVILLE METRO
GOVERNMENT                                                            APPELLANT


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE MELISSA L. BELLOWS, JUDGE
                        ACTION NO. 21-CI-006281


CLINT CHEMICAL AND
JANITORIAL SUPPLIES, INC.                                              APPELLEE



OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

ACREE, JUDGE:  Louisville Metro Government (Metro) appeals the circuit

court's denial of its claim of immunity in response to Clint Chemical and Janitorial

Supplies, Inc.'s (Clint) complaint that Metro breached its implied covenant of good

faith.  We conclude the Jefferson Circuit Court lacked subject matter jurisdiction to

address Clint's claims against a governmental body under the Kentucky Model

Procurement Code (KMPC), KRS[1] 45A.005 *et seq.*, vacate the orders from which the appeal is taken, and remand the case with instructions to dismiss.

## BACKGROUND

Metro executed a contract with Clint for the purchase of janitorial supplies. Clint sued Metro alleging Metro purchased such supplies from other vendors despite being contractually bound to buy them from Clint.

Metro argued it is a sovereign entity, immune from suit in the absence of an express waiver. Clint responded by citing the waiver found in the KMPC at KRS 45A.245(1). When Clint amended his complaint to include, among others, a claim for breach of the implied covenant of good faith and fair dealing, Metro responded by arguing such a claim sounds in tort and the KMPC's sovereign immunity waiver applies only to contract actions. It then moved to bar that claim.

The circuit court denied Metro's motion. This appeal followed. *Baker v. Fields*, 543 S.W.3d 575, 577 (Ky. 2018) ("ruling on an immunity defense is an appealable issue by interlocutory appeal").

## STANDARD OF REVIEW

Metro presents a question regarding the scope and interpretation of KRS 45A.245(1)—a statutory waiver of sovereign immunity. Because statutory interpretation is a question of law, "review is *de novo*; and the conclusions reached

---

[1] Kentucky Revised Statutes.

by the lower courts are entitled to no deference." *Adams v. Commonwealth*, 599 S.W.3d 752, 754 (Ky. 2019) (internal quotation marks and citation omitted).

"Subject matter jurisdiction issues . . . may be raised at any time, even by the court itself." *Ky. Emp. Mut. Ins. v. Coleman*, 236 S.W.3d 9, 15 (Ky. 2007) (citing *Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 48 (Ky. 1996) (noting Court's "inherent power" to raise subject matter issue *sua sponte*)).

## ANALYSIS

1. *Metro's argument on appeal.*

Metro's appeal presents the single argument that "[a] claim for breach of the implied covenant of good faith and fair dealing is a tort claim and is barred by sovereign immunity" because KRS 45A.245(1) waives immunity only for contract claims. (Appellant's Brief at 10). Because we ultimately conclude Jefferson Circuit Court lacked subject matter jurisdiction, our analysis of Metro's argument is dicta. Nevertheless, the noteworthy advocacy of appellate counsel for both parties urges the Court at least to point out that we already rejected this argument.

> [W]hile Kentucky common law recognizes the obligation of good faith performance in every contract, violation of the good faith covenant alone does not give rise to an independent cause of action [in tort]. *Crestwood Farm Bloodstock, LLC v. Everest Stables, Inc.*, 864 F.Supp.2d 629, 634 (E.D. Ky. 2012) (recognizing that "Kentucky law does not recognize an independent tort for breach of good faith and fair dealing outside of insurance contracts[ ]").

*J.S. v. Berla*, 456 S.W.3d 19, 25–26 (Ky. App. 2015).

Much like the Kentucky Unfair Claims Settlement Practices Act (KUCSPA) "inclu[des] an implied covenant of good faith and fair dealing in all insurance contracts[,]" *Belt v. Cincinnati Insurance Company*, 664 S.W.3d 524, 530 (Ky. 2022), the KMPC, KRS 45A.015(2), makes the statutory covenant set out in KRS 45A.015(2) part of the governmental body's contractual obligation just as if it were expressly written in the contract documents themselves. If the governmental body violates that statute, it violates the contract. And so, just as violations of KUCSPA "are contractual claims that cannot form the basis of a private cause of action for tortious misconduct[,]" *Belt*, 664 S.W.3d at 531, violation of the *statutory* covenant of KRS 45A.015(2) cannot not give rise to what violation of the *common law* covenant will—an independent tort claim. Breach of KRS 45A.015(2) is a breach of the statutory covenant that is made an implied contract provision by legislative fiat.

Together, KRS 45A.015(2) and *J.S. v. Berla* appear to compel a conclusion that the KMPC's waiver of immunity would allow Clint's claim to proceed in the proper court. However, we are not ruling on the merits of Metro's argument, but simply repeating our jurisprudence for its edification.

But even if we could resolve this immunity argument in Clint's favor, it would do no good. Entirely apart from Metro's argument, this case presents a

-4-

"Catch-22" predicament for Clint. If the contract in question is not one governed by the KMPC—and Clint has not said it isn't—then that Code's sovereign-immunity waiver in KRS 45A.245(1) does not apply and Metro is entitled, in the absence of any other cited waiver, to claim sovereign immunity. Conversely, if the contract is governed by the KMPC, then Clint can claim the waiver of sovereign immunity and may proceed with its claims under the Code, but it may not proceed in a court deprived of subject matter jurisdiction such as Jefferson Circuit Court.

2. *Clint's complaint is governed by the KMPC.*

Clint does not cite the KMPC in its complaint or amended complaint. However, "[t]his code shall apply to every expenditure of public funds by this Commonwealth . . . ." KRS 45A.020(1). For purposes of the KMPC, the definition of "the Commonwealth" includes Metro. KRS 45A.240(1) and (2). *See also* KRS 45A.030(17). As our Supreme Court said when it determined Kentucky school boards fit the definition, "KRS 45A.240(1) . . . defines the Commonwealth in as broad a manner as possible[.]" *Bd. of Educ. of Paris v. Earlywine*, 719 S.W.3d 1, 11 (Ky. 2025).

We have carefully read Clint's claims and conclude they are precisely the kind of claims the legislature contemplated when enacting the KMPC. The KMPC applies to Clint's suit.

*3. KRS 45A.245(1) vests subject matter jurisdiction in Franklin Circuit Court.*

Our research of the KMPC legislative scheme while analyzing Metro's immunity argument revealed a different issue that "goes to the very heart of [the Jefferson Circuit C]ourt's ability to determine [the] issue in controversy"— subject matter jurisdiction. *Harrison v. Leach*, 323 S.W.3d 702, 705 (Ky. 2010).

We took pause when we read that, under the KMPC, "[a]ppeals may be taken to the Court of Appeals from Franklin Circuit Court[.]" KRS 45A.255. This appeal was taken from Jefferson Circuit Court and that led us to wonder about our own subject matter jurisdiction. More to the point of the circuit court's initial subject matter jurisdiction, KRS 45A.245(1) says: "Any such action [as Clint has brought] shall be brought in the Franklin Circuit Court . . . ." KRS 45A.245(1). We then had to ask, what is the nature of this statute?

If the legislature meant this language in KRS 45A.245(1) to be a mere venue statute, we must affirm the circuit court because Metro waived the defense of improper venue before this Court of Appeals by not raising it. *Baum v. Aldava*, 713 S.W.3d 96, 105 (Ky. 2025); *Yager v. Commonwealth*, 436 S.W.2d 527, 528 (Ky. 1968) ("failure to raise the question on the original appeal constituted a waiver of any claimed right to change of venue"). Recent Kentucky Supreme Court opinions, casually read, might even lead one to argue KRS 45A.245(1) is simply a venue statute. But we try not to read cases casually.

In the first opinion, Jason Earlywine, a teacher, brought (among others) a claim alleging the Board of Education of Paris (BEP) breached his employment contract. *Earlywine*, 719 S.W.3d at 3. He filed his claim in Bourbon Circuit Court which "determined BEP was within the waiver of KRS 45A.245(1)" but also "held it was an *inappropriate venue* pursuant to that same statute," and transferred the case to Franklin Circuit Court. *Id.* (emphasis added).

When the Supreme Court granted discretionary review, it made clear its focus was on this Court's ruling that the circuit court lacked "subject matter jurisdiction . . . *by virtue of non-exhaustion of administrative remedies*" that are set forth in a wholly different statute, KRS 161.790. *Id.* at 5 (emphasis added). The Court did not address "the issue of transferring venue back to Bourbon Circuit Court" but said it could be raised upon remand in the context of its "conclusion in footnote 6[.]" *Id.* at 14. That footnote says:

> This rule [of statutory construction that specific statutes prevail over general statutes] also applies to BEP's argument that KRS 45A.245(1)'s requirement that all actions be filed in Franklin Circuit Court is evidence the General Assembly did not intend to cover Boards of Education in the waiver [of immunity]. BEP argues *the venue provision* [referring to KRS 45A.245(1)], [if] applied to Boards of Education, is unreasonable in that a Board would have to travel to Franklin County to defend itself. Once more, however, KRS 161.790(9) is the more specific statute, and it authorizes the circuit court wherein the Board of Education is also located to hear the appeal.

*Id.* at 10 n.6.

-7-

Although the Supreme Court in *Earlywine* does allude to KRS 45A.245(1) as a venue statute, it does so only in the context of the Bourbon Circuit Court's transfer of the case to the proper court or while discussing BEP's argument that presumes, we believe falsely so, the equation of that statute and an actual venue statute. That actual venue statute says: "The teacher shall have the right to make an appeal to the Circuit Court having jurisdiction in the county where the school district is located in accordance with KRS Chapter 13B." KRS 161.790(9).

Significantly, the appeal in *Earlywine* was taken from the trial court identified in KRS 45A.245(1) as the only court authorized to hear KMPC cases, the Franklin Circuit Court. Any issue based on the ground of subject matter jurisdiction was resolved when that court—the proper court under the KMPC—docketed the case. The issue we are now addressing was neither presented to nor ruled upon by either appellate court in *Earlywine*.

A second opinion, *Louisville Historical League, Inc. v. Louisville/Jefferson County Metro Government*, never mentioned the KMPC at all. 709 S.W.3d 213 (Ky. 2025). However, it did state "the judiciary has general subject matter jurisdiction to review administrative decisions for arbitrariness. Compliance with particular statutory requirements on how to invoke that [subject matter] jurisdiction will always therefore be an issue of particular-case jurisdiction." *Id*. at 227. From that holding, one might argue a failure to comply

-8-

with KRS 45A.245(1) by filing suit in the wrong county implicates particular-case jurisdiction and not subject matter jurisdiction. That argument would not persuade us. First, the Court obviously did not say "where" to invoke subject matter jurisdiction, but "how." *Louisville Historical League* itself explains the difference.

As that opinion indicates, the real question is whether the Jefferson Circuit Court has been deprived of subject matter jurisdiction to adjudicate claims brought under the KMPC.

> [A] court is deprived of subject matter jurisdiction only where that court has not been given, by constitutional provision or statute, the power to do anything at all. . . . The court has subject matter jurisdiction when the "kind of case" identified in the pleadings is one which the court has been empowered, by statute or constitutional provision, to adjudicate.

*Id.* at 221 (quoting *Daugherty v. Telek*, 366 S.W.3d 463, 466 (Ky. 2012)). Jefferson Circuit Court "has not been given, by constitutional provision or statute, the power to do anything at all" regarding claims created by statutes in the KMPC. The legislature chose to give that power to the Franklin Circuit Court exclusively. KRS 45A.245(1).

Both by the Kentucky Constitution and by statute, a circuit court exercises subject matter jurisdiction "of all justiciable causes *not exclusively vested in some other court*." KRS 23A.010(1) (emphasis added); *see also* KY. CONST. § 112(5). Furthermore, "The General Assembly may, by law, direct in what manner

-9-

*and in what courts* suits may be brought against the Commonwealth." KY. CONST. § 231 (emphasis added). For KMPC claims, the legislature answered the question, "in what court?" by naming Franklin Circuit Court only. And, as the Kentucky Supreme Court once observed, it "has never held that where the General Assembly has said a claim must be filed in Franklin Circuit Court, it simply didn't mean it." *General Motors Corp. v. Book Chevrolet, Inc.*, 979 S.W.2d 918, 919 (Ky. 1998).

We are also bound to follow this Court's opinion in *University of Louisville v. Martin*, 574 S.W.2d 676 (Ky. App. 1978) interpreting KRS 44.270, the nearly identical predecessor statute to KRS 45A.245. "KRS 45A.245 was formerly codified as KRS 44.270, prior to the adoption of the KMPC." *University of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017). Like KRS 45A.245(1), KRS 44.270(1) required actions to be brought in Franklin Circuit Court. And like the appeal now before us, *Martin* began in Jefferson Circuit Court. This Court concluded that by enacting the KMPC's comparable predecessor statutory scheme, the legislature provided:

> a remedy for this particular character of claim. In prescribing this procedure, the legislature was acting under [KY. CONST.] § 231, which authorizes the General Assembly to direct the manner *and in what courts suits may be brought against the Commonwealth*. . . . The present claim should have been brought in the Franklin Circuit Court as provided by KRS 44.270(1) [now KRS 45A.245(1)] and [claimant's] failure to do so should have resulted in a dismissal *by the Jefferson Circuit Court*. . . .

-10-

> For the above stated reasons, the judgment of the lower court is reversed with directions to enter an order dismissing the action in this court.

*Martin*, 574 S.W.2d at 679 (citations omitted) (emphasis added). We were saying dismissal "by the Jefferson Circuit Court" should have occurred *sua sponte* because there is no mention in the opinion of any motion to dismiss on ground of lack of subject matter jurisdiction.

Clearly the legislature granted the Franklin Circuit Court alone the necessary subject matter jurisdiction to adjudicate "this particular character of claim"—*i.e.*, this kind of case—to the exclusion of all other circuit courts.

Clint's claim was filed in a court that lacks subject matter jurisdiction to adjudicate it and "a court that lacks subject matter jurisdiction has not been given any power to do anything at all" except dismiss the action. *Earlywine*, 719 S.W.3d at 3 (internal quotation marks and citation omitted). Subject matter jurisdiction cannot be waived. *Harrison*, 323 S.W.3d at 705.

## <u>CONCLUSION</u>

The Jefferson Circuit Court's orders of May 3, 2024 and May 15, 2023 are vacated and this matter is remanded with instructions to dismiss Clint's complaint, as amended, for lack of subject matter jurisdiction.

ALL CONCUR.

BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Richard Elder                Oliver H. Barber, Jr.
John S. Harrison            Louisville, Kentucky
Louisville, Kentucky